UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:17-CV-00201-GNS

EVERETT CASH MUTUAL INSURANCE CO.                                         PETITIONER

v.

JACKIE MANN, et al.                                                       RESPONDENTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Respondent's Motion to Dismiss (DN 15) and Respondent's Motion for Leave to Supplement (DN 21). The motions are ripe for adjudication. For the reasons outlined below, the motions are **GRANTED**.

I. **STATEMENT OF FACTS AND CLAIMS**

On July 13, 2017, Respondent Mark Adam Bennett ("Bennett"), an employee of Mann Construction, LLC ("Mann Construction"), was injured when a lift operated by Respondent Jackie Mann ("Mann") fell over and knocked Bennett off the roof of a structure where trusses were being set. (Pet. ¶ 9, DN 1). Bennett was hospitalized for more than three weeks following his fall, and the medical expenses from his hospitalization exceed $382,000.

On the day of the accident, Mann provided notice to Petitioner Everett Cash Mutual Insurance Co. ("Everett Cash"), which had issued a small contractor policy to "Jackie Mann d/b/a Mann Construction." (Pet. ¶¶ 7, 9). The coverage limits on the policy for bodily injury and

1

property damage are $1 million for each occurrence. On November 6, 2017, Mann submitted a notice of a property damage claim relating to the accident. (Pet. ¶ 12).

On December 15, 2017, Everett Cash petitioned this Court for a declaratory judgment to determine whether there was coverage under the policy for these losses and whether Mann made false statements in his application for insurance coverage. (Pet. ¶¶ 40-96). Subsequently, on February 14, 2018, Bennett and his wife ("the Bennetts") filed a lawsuit against Mann, Mann Construction, and Everett Cash in Russell Circuit Court. (Resp't's Mot. Dismiss. Ex. A, DN 15-1). In that lawsuit, the Bennetts asserted personal injury claims and seek a declaration of insurance coverage relating to their tort claims. (Resp't's Mot. Dismiss Ex. A, ¶¶ 23-35).

## II.  DISCUSSION

### A.  Respondent's Motion to Supplement (DN 21)

Bennett moves to supplement his dispositive motion with a copy of the answer and cross-claim filed by Mann in the Russell Circuit Court Action. (Resp't's Mot. Suppl. Mot. Dismiss, DN 21). Everett Cash objects to the motion as immaterial and irrelevant. (Pet'r's Resp. Mot. Leave 1, DN 23). It also contends that "[t]his belated attempt to engage in procedural fencing by filing the same claim in multiple forums, only strengthens the basis for the denial of the Respondent, Mark Adam Bennett, [sic] motion to dismiss." (Pet'r's Resp. Mot. Leave 1-2). Because it is necessary to consider all claims asserted in the Russell Circuit Court action in determining whether to hear this declaratory judgment action, this Court will grant the motion.

### B.  Respondent's Motion to Dismiss (DN 15)

Bennett moves to dismiss this declaratory judgment action. (Resp't's Mot. Dismiss 2-6, DN 15). He contends that the Court should decline to exercise jurisdiction over this litigation in light of the related case pending in Russell Circuit Court. (Resp't's Mot. Dismiss 2-6).

Under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." A court's exercise of jurisdiction under the Declaratory Judgment Act, however, is discretionary—not mandatory. *See Bituminous Cas. Corp. v. J & L Lumber Co.*, 373 F.3d 807, 812 (6th Cir. 2004) (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942)). When deciding if a declaratory ruling is appropriate, a court should consider whether the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and whether it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. *See Grand Trunk W. R. Co. v. Consol. R. Corp.*, 746 F.2d 323, 326 (6th Cir. 1984). In addition, the Sixth Circuit has outlined the following factors to determine whether a district court should exercise jurisdiction over a request for a declaratory judgment:

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;" (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Id.*; *see also Scottsdale Ins. Co.*, 513 F.3d 546, 564 (6th Cir. 2008). The *Grand Trunk* factors embody three main principles: efficiency, fairness, and federalism. *See W. World Ins. Co. v. Hoey*, 773 F.3d 755, 759 (6th Cir. 2014) (citation omitted).

### 1. *Settlement of the Controversy and Clarification of Legal Relations*

In insurance coverage cases, most courts consider the first two *Grand Trunk* factors together because "it is almost always the case that if a declaratory judgment will settle the controversy, then it will clarify the legal relations in issue." *Flowers*, 513 F.3d at 555 (citations

omitted). Ultimately, "a declaratory judgment is proper if it will only have to decide purely legal questions or engage in fact-finding that does not affect the parties in the underlying action." *Argonaut-Midwest Ins. Co. v. Johnson*, No. 3:14-CV-00395-TBR, 2014 WL 6804284, at *2 (W.D. Ky. 2014) (internal quotation marks omitted) (citations omitted).

In this case, Everett Cash is a named party in the Russell Circuit Court action, and both the Bennetts and Mann are seeking a declaration of rights as to whether Everett Cash's insurance policy provides coverage for the claims asserted against Mann in the state court action.[1] While Everett Cash requests that this Court determine that the policy should not have been issued due to Mann's misrepresentations, Everett Cash also seeks a determination that there is no coverage for the claims in the Russell Circuit Court action on the basis that Bennett was employed by Mann at the time of the injury. There is a strong likelihood that the state court will address this particular issue as well as other factual issues that will be raised in this case. Accordingly, consistent with the Sixth Circuit's holding in *Bituminous*, the first factors weigh against this Court exercising jurisdiction.

    2.    *Race for Res Judicata*

The third factor considers "whether the use of the declaratory judgment action is motivated by 'procedural fencing' or [is] likely to create a race for *res judicata*." *Flowers*, 513 F.3d at 558. The Sixth Circuit has explained that this analysis is "meant to preclude jurisdiction for 'declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a "natural plaintiff" and who seem to have done so for the purpose of acquiring a favorable forum.'" *Id.* (quoting *AmSouth Bank v. Dale*, 386 F.3d 763, 788 (6th Cir. 2004)). Where there is no direct

---

[1] Everett Cash moved to dismiss the claims asserted against it in the Russell Circuit Court action, but that court denied the motion on November 27, 2018. (Pet'r's Resp. Mot. Dismiss Ex. A, DN 16-1).

evidence in the record to suggest a declaratory action was motivated by such "procedural fencing," courts "are reluctant to impute an improper motive to a plaintiff." *Id.* (citations omitted).

Time is often considered in analyzing this factor. For example, this Court recently was unwilling to impute a bad motive in a case where a plaintiff filed a declaratory action in federal court four weeks after being put on notice of the defendants' claim and six weeks before the underlying action was filed. *See Westerfield Ins. Co. v. Estate of McMahan*, No. 3:16-CV-00809-TBR, 2017 WL 1658952, at *3 (W.D. Ky. May 1, 2017). In this case, Mann put Everett Cash on notice of the claim on November 6, 2017, and Everett Cash filed this action on December 15, 2017. Bennett subsequently filed the Russell Circuit Court action on February 14, 2018.

As the Sixth Circuit has noted, "[a] district court should not deny jurisdiction to a plaintiff who has not 'done any more than choose the jurisdiction of a federal rather than a state court, a choice given by Congress." *Flowers*, 513 F.3d at 558 (quoting *State Farm Fire & Cas. Co. v. Odom*, 799 F.2d 247, 250 n.1 (6th Cir. 1986)). Like this Court's decision in *Estate of McMahan*, this Court will not impute a bad motive to Everett Cash based on the timing of this action. This factor is considered to be neutral with respect to the determination of whether to exercise jurisdiction.

### 3. *Increased Friction Between Federal and State Courts*

Fourth, the Court must consider "whether accepting jurisdiction would increase friction between federal and state courts." *Id.* at 559. "[T]he mere existence of a state court proceeding is not determinative of improper federal encroachment upon state jurisdiction." *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1067 (6th Cir. 1987). There are three sub-factors this Court must consider:

(1) whether the underlying factual issues are important to an informed resolution of the case;
(2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

(3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common law or statutory law dictates a resolution of the declaratory judgment action.

*Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000).

"First, the Court must determine whether the state court's resolution of the factual issues is necessary to the district court's resolution of the declaratory judgment." *Flowers*, 513 F.3d at 560. In cases seeking a declaration regarding "the scope of insurance coverage," the Sixth Circuit has "recognized that such questions can sometimes be resolved as a matter of law and do not require factual findings." *Id.* (citing *Stewart Title*, 327 F.3d at 454; *Green*, 825 F.2d at 1067). In this case, this Court would have to make factual findings regarding the alleged misrepresentations made by Mann, which could also be made by the Russell Circuit Court. Importantly, there is a dispute as to whether Bennett was an employee of Mann Construction at the time of his injury and therefore excluded by the policy issued by Everett Cash or whether Bennett was an independent contractor for whom coverage existed. Because Bennett's injury claims are inextricably intertwined with the determination of his employment status at the time of his injury, this sub-factor weighs in favor of declining jurisdiction.

The second sub-factor "focuses on which court, federal or state, is in a better position to resolve the issues in the declaratory action." *Flowers*, 513 F.3d at 560. "Generally, state courts are better situated than federal courts to resolve disputes over state regulated insurance contracts and novel questions of state law." *Arrowood Indem. Co. v. Drees Co.*, No. 14-169-DLB-CJS, 2015 WL 136107, at *7 (E.D. Ky. 2015) (citing *Travelers Indem. Co. v. Bowling Green Prof'l Assoc.*, 495 F.3d 266, 272 (6th Cir. 2007); *Bituminous*, 373 F.3d at 815-16). Courts have also noted, however, that "not all issues of insurance contract interpretation implicate such fundamental state policies that federal courts are unfit to consider them." *Flowers*, 513 F.3d at 561; *compare Stewart Title*, 327 F.3d at 454 (reasoning that because the declaratory plaintiff-insurer was not a

party to the state court action, and the issues before the federal court were not before the state court, the principles of comity would not be offended) *with Flowers*, 513 F.3d at 561 ("despite the clear indications from the Kentucky courts regarding how such an issue should be resolved, Kentucky courts are in a better position to resolve the insurance policy interpretation in this case."). Here, there are questions of contract formation and interpretation under Kentucky law, which the Russell Circuit Court is well-suited to address. The Court finds that this factor weighs in favor of declining jurisdiction.

"The final sub-factor requires the court to determine whether the issue in the federal action implicates important state policies and therefore would be more appropriate for the state court to address." *Secura Ins. Co. v. Gray Const., Inc.*, 661 F. Supp. 2d 721, 730 (W.D. Ky. 2009). The Sixth Circuit has held that issues of "insurance contract interpretation are questions of state law with which the Kentucky state courts are more familiar and, therefore, better able to resolve." *Bituminous*, 373 F.3d at 815. Concern for public policy, and the position that state courts occupy in best identifying and enforcing such policy, has "been frequently applied in cases of insurance contract interpretation and [the Sixth Circuit has] held on a number of occasions that a district court should stay or dismiss complaints filed by insurance companies seeking a declaratory judgment as to their underlying state court lawsuits." *Travelers*, 495 F.3d at 273 (collecting cases). Because the dispute involves the formation and interpretation of an insurance policy under Kentucky law, it appears to be more appropriate for the Russell Circuit Court to resolve the issues raised in the Petition. The Court finds that this factor weighs in favor of abstention.

### 4. *Availability of Alternative Remedy*

The Sixth Circuit has stated that the district court should "deny declaratory relief if an alternative remedy is better or more effective." *Grand Trunk*, 746 F.2d at 326. Following a split

in precedent regarding "the possibility of seeking a declaratory judgment or indemnity action in state court counsels against the district court exercising jurisdiction[,]" the Sixth Circuit held that "rather than applying a general rule, our inquiry on this factor must be fact specific, involving consideration of the whole package of options available to the federal declaratory plaintiff." *Flowers*, 513 F.3d at 562.

As is almost always the case, there are alternative remedies available; the question, however, is whether any of these are better or more effective. Everett Cash is already a party to the Russell Circuit Court action. In that action, both the Bennetts and Mann are seeking a declaration of rights relating to insurance coverage for the claims asserted by the Bennetts there. (Resp't's Mot. Dismiss Ex. A, ¶¶ 31-35; Resp't's Mot. Leave Suppl. Reply Ex. A, at 2-4, DN 21-1). Even without the assertion of any claim by Bennett and Mann against Everett Cash in the state court action, Everett Cash would certainly be entitled to file its declaration of rights action in state court to obtain the same relief it seeks here. While Everett Cash apparently would prefer to be in this forum, its preference does not diminish the fact that the Russell Circuit Court can provide an appropriate remedy.

Given that both forums can address the coverage issues, this Court cannot say that either would necessarily be better or more effective. By declining to exercise jurisdiction over this matter, however, this Court can avoid interfering with the state proceeding and ensure this action does not create friction between the federal and state courts.

Thus, in light of the factors outlined by the Sixth Circuit in *Grand Trunk* and *Bituminous*, this Court declines to exercise jurisdiction over the Petition for Declaratory Judgment. The Court will dismiss this action.

## III.     CONCLUSION

For the reasons outlined above, **IT IS HEREBY ORDERED** as follows:

1.     Respondent's Motion for Leave to Supplement (DN 21) is **GRANTED**.

2.     Respondent's Motion to Dismiss (DN 15) is **GRANTED**, and this matter is **DISMISSED WITHOUT PREJUDICE**. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

January 18, 2019

cc:     counsel of record